IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

      Plaintiffs,

v.                                                            No. 1:23-cv-01060-KK[1]

BRANDON DEWAYNE CLARK, *et al.*,

      Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Complaint for Breach of Contract, Civil Larceny, Conversion, Trespass, Conspiracy, Invasion of Privacy, Theft of Firearms, Cruelty to Animals, with Demand for Jury Trial, Doc. 1, filed November 28, 2023 ("Complaint").

As the parties seeking to invoke the jurisdiction of this Court, Plaintiffs bear the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 4, filed November 29, 2023. Plaintiffs have paid the filing fee. *See* Doc. 3, filed November 29, 2023. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

There is no properly alleged federal-question jurisdiction because the Complaint does not contain allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Firstenberg v. City of Santa Fe,N.M.,* 696 F.3d 1018, 1023 (10th Cir. 2012).  The Complaint states that the Court has federal question jurisdiction pursuant to 18 U.S.C. §§ 922(i) (Unlawful acts, transporting stolen firearms), 1344 (Bank fraud), 1001(a)(2) (Statements or entries generally, making materially false, fictitious, or fraudulent statements or representations) and 701 (Official badges, identification cards, other insignia, possessing badge of United States officer).  Complaint at 2.  Plaintiffs also refer to 18 U.S.C. § 842(h) (Unlawful acts, possession of stolen explosive materials) and 18 U.S.C. § 48 (Animal crushing).  *See* Complaint at 21, ¶ 67; at 24, ¶ 77. Plaintiffs cannot assert claims pursuant to these criminal statutes because "criminal statutes do not provide for private civil causes of action."  *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003) (citing *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law)).  Plaintiffs' right to relief pursuant to their state-law claims does not necessarily depend on resolution of the alleged violations of federal criminal statutes.  That Defendants' actions giving rise to Plaintiffs' state-law claims may have also violated federal criminal statutes is not sufficient to establish federal question jurisdiction.  *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1025 (10th Cir. 2012) (holding *pro se* litigant's "reference in the

complaint to four different sources of federal law" was insufficient to establish federal question jurisdiction); *Kucera v. Cent. Intelligence Agency*, 754 F. App'x 735, 737-38 (10th Cir. 2018) (affirming dismissal of *pro se* litigant's complaint for lack of subject matter jurisdiction where he "ha[d] not alleged facts sufficient to show" a viable claim under federal law).

There is no properly alleged diversity jurisdiction. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). The Complaint states that Plaintiffs and Defendants A. Carroll, Jones, Conaway, Swan, A. Swan, Kexel, J. Stone and G. Stone reside in New Mexico. Complaint at 4.

The Court orders Plaintiffs to show cause why the Court should not dismiss this case for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If Plaintiffs assert the Court should not dismiss this case for lack of jurisdiction, Plaintiffs must file an amended complaint alleging facts that support jurisdiction.

The Complaint also states that Plaintiff Ruby Handler Jacobs "is a former U.S. Marshal Contracted Deputy." Complaint at 3, ¶ 10. The Court orders Plaintiff Ruby Handler Jacobs to file a notice that identifies the districts in which Plaintiff Ruby Handler Jacobs served as a contracted deputy of the United States Marshals Service and the dates of her service in each district.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to

3

become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)  Plaintiffs shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case for lack of jurisdiction; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii)  Plaintiff Ruby Handler Jacobs shall, within 21 days of entry of this Order, file a notice that identifies the districts in which Plaintiff Ruby Handler Jacobs served as a contracted deputy of the United States Marshals Service and the dates of her service in each district.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**