IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

      Plaintiffs,

v.                                                                               No. 1:23-cv-01060-KK

BRANDON DEWAYNE CLARK, *et al.*,

      Defendants.

## ORDER TO SHOW CAUSE

Plaintiffs filed a Complaint that states that Plaintiff Ruby Handler Jacobs "is a former U.S. Marshal Contracted Deputy." Complaint for Breach of Contract, Civil Larceny, Conversion, Trespass, Conspiracy, Invasion of Privacy, Theft of Firearms, Cruelty to Animals, with Demand for Jury Trial at 3, ¶ 10, Doc. 1, filed November 28, 2023.

The Court ordered Plaintiff Ruby Handler Jacobs to file a notice that identifies the districts in which Plaintiff Ruby Handler Jacobs served as a contracted deputy of the United States Marshals Service and the dates of her service in each district. *See* Order to Show Cause, Doc. 5, filed December 1, 2023.

Plaintiff Ruby Handler Jacobs filed the Notice and restricted access to the Notice to "Case Participants." Doc. 6, filed December 7, 2023. Plaintiff Ruby Handler Jacobs did not identify a real and substantial interest in depriving the public of access to the Notice.

> "Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir.2007); *see, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is *uncontested* ... that the right to inspect and copy judicial records is not absolute." (emphasis added)). We may, in our discretion, "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir.2011) (quoting *United*

*States v. Hickey,* 767 F.2d 705, 708 (10th Cir.1985)) (internal quotation marks omitted). "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (quoting *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir.1980)) (internal quotation marks omitted). To overcome this presumption against sealing, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir.2011) (quoting *Helm,* 656 F.3d at 1292) (internal quotation marks omitted).

*JetAway Aviation, LLC v. Bd. Of County Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014).

**IT IS ORDERED** that Plaintiff Ruby Handler Jacobs, within 21 days of entry of this Order, show cause why the Court should not give the public access to the Notice, Doc. 6, filed December 7, 2023. If Plaintiff Ruby Handler Jacobs fails to timely show cause, the Court may make the Notice accessible to the public. If Plaintiff Ruby Handler Jacobs restricts access to her response to this Order, she must also identify a real and substantial interest that justifies depriving the public of access to her response.

*/s/ Kirtan Khalsa*
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**