# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and
RUBY HANDLER JACOBS,

      Plaintiffs,

v.                                    No. 1:23-cv-01060-KK

BRANDON DEWAYNE CLARK, *et al.*,

      Defendants.

## ORDER TO SHOW CAUSE AND NOTICE

Plaintiffs, who are proceeding *pro se*, filed a Complaint asserting claims against 11 named

Defendants and 20 unnamed Defendants.  *See* Complaint for Breach of Contract, Civil Larceny,

Conversion, Trespass, Conspiracy, Invasion of Privacy, Theft of Firearms, Cruelty to Animals,

with Demand for Jury Trial, Doc. 1, filed November 28, 2023 ("Complaint").

The Court notified Plaintiffs that the Complaint failed to allege facts supporting federal

question jurisdiction and explained:

> There is no properly alleged federal-question jurisdiction because the Complaint
> does not contain allegations showing that this action "aris[es] under the
> Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "For a case
> to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded
> complaint' must establish one of two things: 'either that federal law creates the
> cause of action or that the plaintiff's right to relief necessarily depends on resolution
> of a substantial question of federal law.'" *Firstenberg v. City of Santa Fe,N.M.,* 696
> F.3d 1018, 1023 (10th Cir. 2012) . . . Plaintiffs cannot assert claims pursuant to
> these criminal statutes because "criminal statutes do not provide for private civil
> causes of action." *Kelly v. Rockefeller,* 69 Fed.Appx. 414, 415-416 (10th Cir. 2003)
> (citing *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986) (holding that private citizens
> cannot compel enforcement of criminal law)).  Plaintiffs' right to relief pursuant to
> their state-law claims does not necessarily depend on resolution of the alleged
> violations of federal criminal statutes.  That Defendants' actions giving rise to
> Plaintiffs' state-law claims may have also violated federal criminal statutes is not
> sufficient to establish federal question jurisdiction.  *See Firstenberg v. City of Santa
> Fe,* 696 F.3d 1018, 1025 (10th Cir. 2012) (holding *pro se* litigant's "reference in the

complaint to four different sources of federal law" was insufficient to establish federal question jurisdiction); *Kucera v. Cent. Intelligence Agency*, 754 F. App'x 735, 737-38 (10th Cir. 2018) (affirming dismissal of *pro se* litigant's complaint for lack of subject matter jurisdiction where he "ha[d] not alleged facts sufficient to show" a viable claim under federal law).

Order to Show Cause at 2-3, Doc. 5, filed December 1, 2023.  The Court ordered Plaintiffs to file

an amended complaint.

## <u>JURISDICTION</u>

The Amended Complaint asserts the Court has federal question jurisdiction, based on various federal laws, and diversity jurisdiction.  *See* Amended Complaint, Doc. 12, filed December 29, 2023.  The Amended Complaint fails to establish diversity and federal question jurisdiction. The Court orders Plaintiffs to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction.  If Plaintiffs assert the Court should not dismiss this case, Plaintiffs must file a second amended complaint that alleges facts in support of jurisdiction.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed"); *Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

**Diversity of Citizenship**

The Amended Complaint asserts that the Court has diversity of citizenship jurisdiction because: (i) both Plaintiffs are citizens of New Mexico; (ii) the three named Defendants reside in Arizona; and (iii) the amount in controversy exceeds $75,000.  *See* Amended Complaint at 2, ¶ 2; 28 U.S.C. § 1332(a).  Plaintiffs are, however, also suing Defendants DOES 1 through 25 but do

not allege facts regarding the citizenship of the DOE Defendants.  *See* Amended Complaint at 4, ¶ 17.  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006); *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant").

As the parties seeking to invoke the jurisdiction of this Court, Plaintiffs bear the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs*. *Auto*. *Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

The Amended Complaint fails to establish diversity jurisdiction because it does not allege facts showing that the DOE Defendants 1 through 25 are residents of states other than New Mexico.  *See McAllister v. Henderson*, 698 F.Supp. 865, 869 (N.D. Ala. 1988) (holding "John Doe or fictitious party pleading device is not sanctioned or permitted by federal law in civil cases filed directly in federal court when jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332 and that the use of such pleading device in such cases generally destroys federal jurisdiction"); *Casparian v. Allstate Ins. Co.*, 689 F.Supp. 1009, 1010 (N.D. Cal. 1988) ("The presence of unknown and unidentified parties may defeat diversity, as there is always the possibility that an unknown defendant is from the same state as the plaintiff or another defendant"); *John Hancock Mut. Life Ins. Co. v. Central Nat. Bank in Chicago*, 555 F.Supp. 1026, 1027 (N.D.

Ill. 1983 (where plaintiff had named unknown owners and non-record claimants as defendants, it could not demonstrate that they were citizens of a state other than its own and, therefore, the district court did not have diversity jurisdiction over the action).

**United States Constitution, art. I, sec. 8, cl. 8.**

Plaintiffs allege that "[t]his Court has federal question jurisdiction over this claim where all Defendants' conduct created a cause of action with their continuing violations of Plaintiff Jacobs' intellectual property under Article I, Section 8, Clause 8 of the U.S. Constitution," which states:

> The Congress shall have Power To lay and collect Taxes, duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States . . . To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries.

Amended Complaint at 2; U.S. Const. art. I, sec. 8, cl. 8.  The Amended Complaint does not show that this case arises under U.S. Const. art. I, sec. 8, cl. 8.  *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).  The clause cited by Plaintiffs only grants Congress the power to secure for limited times to creators the exclusive right to their respective works; the clause does not establish any rights for those creators.  *See Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 5 (1966) ("The clause is both a grant of power and a limitation").

**26 U.S.C. § 5861(b) and (d)**

Plaintiffs allege:

This Court has federal question jurisdiction over this claim where Defendants Clark and Carroll's conduct created a cause of action with the violation of 26 U.S.C. § 5861(b) and (d) by possessing three of Plaintiff Handler Jacobs' "firearm[s] which is [are] not registered to him [them]" and transporting the firearms between four States.

Amended Complaint at 2, ¶ 5.  Section 5861 states:

It shall be unlawful for any person—
. . .

**(b)** to receive or possess a firearm transferred to him in violation of the provisions of this chapter; or . . .

**(d)** to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

26 U.S.C. § 5861(b) and (d).

The Amended Complaint fails to show that this case arises under Section 5861.  The Court

previously notified Plaintiffs they cannot assert claims pursuant to criminal statutes:

because "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003) (citing *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law)).  Plaintiffs' right to relief pursuant to their state-law claims does not necessarily depend on resolution of the alleged violations of federal criminal statutes.

Order to Show Cause at 2.

## 27 C.F.R. § 478.36 and the National Firearms Act

Plaintiffs allege:

This Court has federal question jurisdiction over this claim where Defendants Clark and Carroll's conduct created a cause of action with the violation of 27 C.F.R. § 478.36 and the National Firearms Act ("NSPA"), Act of May 22, 1934, 48 Stat. 794 (1934) by theft of a Thompson submachine gun confiscated by Plaintiff Handler Jacobs state licensed former company *No Stone Unturned Security & Investigative Services* ("NSU") and transporting the firearm between four States.

Amended Complaint at 2-3, ¶ 6.  27 C.F.R. § 478.36 states:

No person shall transfer or possess a machine gun except:

5

(a) A transfer to or by, or possession by or under the authority of, the United States, or any department or agency thereof, or a State, or a department, agency, or political subdivision thereof. (See Part 479 of this chapter); or

(b) Any lawful transfer or lawful possession of a machine gun that was lawfully possessed before May 19, 1986 (See Part 479 of this chapter).

27 C.F.R. § 478.36.  Plaintiffs cite the "National Firearms Act ("NSPA"), Act of May 22, 1934, 48 Stat. 794 (1934)" which "extend[s] the provisions of the National Motor Vehicle Theft Act to other stolen property."  The National Stolen Property Act, 48 Stat. 794, sets the fine and term of imprisonment for persons that transport stolen goods in interstate commerce.

The Amended Complaint fails to show that this case arises under 27 C.F.R. § 478.36 and the National Firearms Act because criminal laws do not provide for private civil causes of action, private citizens cannot compel enforcement of criminal law, and Plaintiffs' right to relief pursuant to their state-law claims does not necessarily depend on resolution of the alleged violations of federal criminal laws.  *See* Order to Show Cause at 2.

**United States Marshals Service Policy and 28 U.S.C. § 561(d)**

Plaintiffs allege:

This Court has federal question jurisdiction over this claim where Defendants Clark and Carroll's conduct created a cause of action with violations as described in the Enhanced Federal Security Act of 2000. Further, United States Marshals ("USMS") Service Policy Directive authority granted by 28 C.F.R. § 0.111 and 28 U.S.C. § 561(g) states at Section 1.3 D. (USMS Name and Insignia) that a badge may not be fraudulently used or stolen.

Amended Complaint at 3, ¶ 7.  Section 561(g) states: "The Director [of the United States Marshals Service] shall supervise and direct the United States Marshals Service in the performance of its duties." 28 U.S.C. § 561(g).  28 C.F.R. § 0.111 identifies the activities of the U.S. Marshals Service that the Director shall direct and supervise.  Plaintiffs do not cite the specific provision of the

Enhanced Federal Security Act of 2000 Defendants allegedly violated but appear to refer to the following provision:

> Whoever . . . being a person not authorized to possess a genuine police badge under the law of the place in which the badge is the official badge of the police, knowingly transports that badge in interstate or foreign commerce, shall be fined under this title or imprisoned not more than 6 months, or both."

114 Stat. 2738, Pub. Law 106-547 (amending 18 U.S.C. § 716).

Plaintiffs fail to show that this case arises under the United States Marshals Service Policy and 28 U.S.C. § 561(d) because they do not allege facts showing that Section 561(d) and the United States Marshals Service Policy create a private right of action.

**31 U.S.C. § 3729(a)**

Plaintiffs allege: "This Court has federal question jurisdiction where Defendant Carroll's conduct created a cause of action with the violation of 31 U.S.C. 3729(a) whereas she made false statements material to a false claim to an Assistant U.S. Attorney regarding Plaintiff Handler Jacobs."  Amended Complaint at 3, ¶ 8.  Section 3729(a) states in relevant part:

> **(a) Liability for certain acts.—**
>
> **(1) In general.**--Subject to paragraph (2), any person who—
>
> . . . .
>
> **(B)** knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
> . . . .
>
> *is liable to the United States Government* for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410), plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729(a) (emphasis added).  Section 3729 makes persons who present fraudulent claims or make false statements material to a false or fraudulent claim liable to the United States

Government for civil penalties and damages.  The Amended Complaint fails to show that this case arises from Defendant Carroll's alleged violation of Section 3729 which only provides for liability to the United States.

## STATING A CLAIM

The Amended Complaint asserts 15 causes of action against three named Defendants and 25 unnamed Defendants.  It appears that the Amended Complaint fails to state a claim for many of those claims for the following reasons.  The Court orders Plaintiffs to show cause why the Court should not dismiss those claims for failure to state a claim.  If Plaintiffs assert any claims should not be dismissed, Plaintiffs must file a second amended complaint.

**First Cause of Action – Violation of Federal Copyright Act and Congress's Power Over Intellectual Property**

Plaintiffs assert a claim against Defendants Carrol and Clark for "continuing violations of image theft and infringement of Plaintiff Jacobs' copyright under the Federal Copyright Act, 17 U.S.C. § 101, *et seq*."  Amended Complaint at 36.  Plaintiffs allege:

> On or about December 15, 2016, a photographer and journalist from the Albuquerque Journal arrived at the front door . . . Carroll allowed Plaintiff Jacobs' copyrighted Cannes photograph ("Cannes photograph")[7] to be removed from the residence and it was misappropriated by the Albuquerque Journal couple.  Carroll neither had any authority to allow the press onto the Property nor to to [sic] take possession of the unpublished photograph."

Amended Complaint at 7-8 (n.7 states: "See Exh. 6, Notice from the U.S. Copyright Office for the Cannes photograph").  The Cannes photograph "depict[s] Plaintiffs [Michael Jacobs and Ruby Handler Jacobs] standing in front of grand yachts."   Complaint at 6, ¶ 27, Doc. 1, filed July 26, 2021, in *Jacobs v. Journal Publishing Co.*, No. 1:21-cv-00690-MV-SCY.

It is not clear that Plaintiff Michael Jacobs owns the copyright to the Cannes photograph because his presence in the photograph suggests he did not take the photograph.  *See* Photography

8

and Copyright, United States Copyright Office, Rev: August 2019, M-313, https://www.copyright.gov/engage/photographers/photography.pdf ("If you take a photograph, you own the copyright to the photo – whether or not you are a professional photographer. But if you own a photo someone else took, you do not own the copyright to that photo, even if it is a photo of you. The person who took the photo owns the copyright").

Furthermore, it is not clear that Defendants Carroll and Clark violated the Federal Copyright Act. Plaintiffs allege Defendant "Carroll allowed Plaintiff Jacobs' copyrighted Cannes photograph . . . to be removed from the residence." Amended Complaint at 7, ¶ 22. Plaintiffs do not allege that Defendants Carroll and Clark made, displayed or distributed unauthorized copies of the Cannes photograph. *See* 17 U.S.C. § 101 ("To 'display' a work means to show a *copy* of it . . .;" "'Publication' is the distribution of *copies* or phonorecords of a work to the public . . .") (emphasis added); 17 U.S.C. § 101(1) and (3) ("the owner of copyright . . . has the exclusive rights . . . to reproduce the copyrighted work in *copies* . . . to distribute *copies* . . . of the copyrighted work to the public . . .") (emphases added).

Finally, it appears that Plaintiffs' claim for copyright infringement may be barred by the statute of limitations.

> A claim for copyright infringement must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b). Under the majority view, a claim "for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 481 (9th Cir.1994); *see Hotaling v. Church of Jesus Christ of Latter–Day Saints,* 118 F.3d 199, 202 (4th Cir.1997). The statute is evenhanded; "'[i]t does not provide for a waiver of infringing acts within the limitation period if earlier infringements were discovered and not sued upon, nor does it provide for any reach back if an act of infringement occurs within the statutory period.'" *Roley,* 19 F.3d at 481 (quoting *Hoey v. Dexel Sys. Corp.,* 716 F.Supp. 222, 223 (E.D.Va.1989)); *accord Bridgeport Music, Inc. v. Diamond Time, Ltd.,* 371 F.3d 883, 889 (6th Cir.2004); *Hotaling,* 118 F.3d at 202; *Makedwde Pub. Co. v. Johnson,* 37 F.3d 180, 182 (5th Cir.1994); *Stone v. Williams,* 970 F.2d 1043, 1049–50 (2d Cir.1992). In other words, the majority view rejects the notion that a plaintiff can recover for acts of infringement occurring

more than three years before the filing of a complaint merely because some related
act of infringement occurs within the limitation period.
. . .
[W]e . . . adopt the majority view.

*Diversey v. Schmidly*, 738 F.3d 1196, 1200-01 (10th Cir. 1997) (footnote omitted);

17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless

it is commenced within three years after the claim accrued").  Plaintiffs state "Plaintiff Jacobs

discovered the copyrighted Cannes photograph . . . in the pages of the Albuquerque Journal on

September 28, 2019."  Amended Complaint at 12, ¶ 25.  Plaintiffs did not file the original

Complaint in this case until November 28, 2023.

**Second Cause of Action – Breach of Contract *Per Se***

Plaintiffs assert a claim against Defendants Clark and Carroll for "Breach of Contract *Per*

*Se*."  Amended Complaint at 37.  Plaintiffs allege:

On October 3, 2013, Clark signed a five-year Non-Disclosure, Non-Circumvention
and Confidentiality Agreement ("NDNCA") with the Jacobses as a House Sitter at
their property (See Exh. 1), primarily to collect mail, water plants and feed pets
(which they later murdered), and a place to live that was not in exchange for doing
anything with the security company.

Amended Complaint at 5.

It appears Plaintiffs' breach of contract claim against Defendant Carroll should be

dismissed.  It seems that Defendant Carroll is not a party to the contract, because the contract is

not signed by Defendant Carroll.  *See* Ex. 1, Doc. 13-1.

Plaintiffs characterize their second cause of action as "breach of contract *per se*."  The

Court was unable to find any law regarding "breach of contract *per se*." The Court orders Plaintiffs

to show cause why the Court should not dismiss the breach of contract claim to the extent it asserts

a claim for breach of contract "*per se*."

**Conspiracy, Torts and Continuing Torts**

Plaintiffs assert claims for conspiracy and various torts.  *See, for example*, Amended Complaint at 38 (Fourth Cause of Action – Civil Conspiracy as a Result of Contract Breach); at 39 (Sixth Cause of Action – Intentional Tort of Trespass on Property in Breach of Contract); at 42 (Tenth Cause of Action – Tort of Negligence Per se as a Result of Breached Contract); at 44 (Twelfth Cause of Action – Invasion of Privacy); at 47 (Fifteenth Cause of Action – Intentional Infliction of Emotional Distress Tort as a Result of Breach of Contract).  Plaintiffs also assert claims for "continuing" torts.  *See* Amended Complaint at 40 (Seventh Cause of Action – Intentional Tort of Continuing Trespass of Chattel Per Se Resulting from Breach of Contract); at 40 (Eighth Cause of Action – Intentional Tort of Continuing Conversion Resulting from Breach of Contract).

It appears that the conspiracy and non-continuing tort claims are barred by the statute of limitations.  *See* § 41–4–17(A)"); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years").  Plaintiffs state:

> Plaintiff Handler Jacobs then spent January into March 2018 going through debris at the residence to ascertain the damage and what personal property had been stolen . . . Plaintiff Jacobs did not discover and ascertain photographic equipment and negatives stolen until after he returned home on July 19, 2029 . . . He later first discovered Copyright violation on September 28, 2019 in that Defendant Carroll (and Clark) had breached the [contract] with the Cannes photograph and Albuquerque Journal interview and removal of the Cannes photograph.  Moreover, Plaintiffs are continuing to seek information to fully ascertain the losses, i.e., Plaintiff Jacobs' exclusive images on prints, negatives and transparencies and their whereabouts.

Amended Complaint at 11, ¶¶ 36-37.  Plaintiffs did not file this case until November 28, 2023, which is more than four years after Plaintiffs discovered the damage to and loss of their property.  The Court orders Plaintiffs to show cause why the Court should not dismiss the conspiracy and non-continuing tort claims as barred by the statute of limitations.  For each continuing tort,

Plaintiffs' response to this Order must cite legal authority showing that the continuing wrong doctrine applies to those torts and the second amended complaint must contain factual allegations regarding the alleged continuing unlawful acts by each Defendant. *See Ulibarri v. State of New Mexico Corrections Academy*, 2006-NMSC-009, ¶¶ 9-10 (stating the continuing violation doctrine is "an equitable doctrine permitting a plaintiff to bring an otherwise untimely claim" and differentiating between "discrete acts" in the employment context which are "easy to identify" and constitute separate, actionable unlawful employment practices" from "hostile environment claims" which involve repeated "individual acts of harassment [that] may not be separately actionable" and are "based on the cumulative effects of these acts"); *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) (the continuing violation doctrine "is triggered by continual unlawful acts, but not by continual ill effects from the original violation"); *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996) (stating "the [continuing wrong] doctrine cannot be employed where the plaintiff's injury is "definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress.") (quoting *Wilson v. Giesen,* 956 F.2d 738, 743 (7th Cir.1992)).

**Tenth Cause of Action – Tort of Negligence Per se as a Result of Breached Contract**

Plaintiffs assert a claim for the "Tort of Negligence *Per Se* as a Result of Breached Contract." Amended Complaint at 42. Plaintiffs appear to assert a claim for negligence, not negligence *per se*. *See* Amended Complaint at 42, ¶ 137 (stating the elements of a negligence claim). New Mexico law indicates a claim for negligence *per se* requires a violation of a state statute:

> our Supreme Court has enunciated a four-part test for determining whether a negligence per se instruction is appropriate in a given case: "(1) There must be a statute which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly, (2) the defendant must violate the statute, (3) the plaintiff must be in the class of persons sought to be protected by the statute, and (4) the harm or injury to the plaintiff must generally be of the type the [L]egislature

12

through the statute sought to prevent." *Heath v. La Mariana Apartments*, 2008–NMSC–017, ¶ 7, 143 N.M. 657, 180 P.3d 664 (alteration, internal quotation marks, and citation omitted).

*Yedidag v. Roswell Clinic Corp.*, 2013-NMCA-096 n.1.  The Court orders Plaintiffs to show cause why the Court should not dismiss the negligence claim to the extent it asserts a claim for negligence "*per se*."

**Claims based on Alleged Criminal Violations**

Plaintiffs appear to assert claims based on violation of criminal statutes.  *See* Amended Complaint at 37 (Third Cause of Action – Theft of Firearms and Conversion as a Tort); at 38 (Fifth Cause of Action – Aiding and Abetting with Contract Interference); at 41 (Ninth Cause of Action - Intentional Tort of Continuing Grand Larceny Resulting from Breach of Contract); at 43 (Eleventh Cause of Action – Intentional Tort of Cruelty to Animals); at 45 (Thirteenth Cause of Action – Vandalism as a Result of the Breached Contract); at 46 (Fourteenth Cause of Action – Forgery and Identity Theft).

It appears Plaintiffs' claims based on alleged violations of criminal statutes fail to state claims.  *See Eisert v. Archdiocese of Santa Fe*, 2009–NMCA–042, ¶ 29, 146 N.M. 179, 207 P.3d 1156 ("Because there is no express language in the [criminal] statute creating a private right of action, we conclude that the Legislature did not intend to create such a right of action"); *see, for example, Graf v. Western Mrtg.*, L.P., 2011 WL 5040989 (NM. App. 2011) ("the forgery statute, NMSA 1978, Section 30–16–10 (2006), does not expressly provide for a private right of action").  The Court orders Plaintiffs to show cause why their claims based on alleged violations of criminal statutes should not be dismissed.  If Plaintiffs assert their claims should not be dismissed, Plaintiffs must cite legal authority in support of each claim that they assert should not be dismissed.

## NOTICE REGARDING COMPLIANCE WITH ORDERS AND RULES

Plaintiffs state: "The Supreme Court found that pro se pleadings should be held to 'less stringent standards' than those drafted by attorneys. _Haines v. Kerner_, 404 U.S. 520, (1971), _Puckett v. Cox_, 456 F.2d 233 (1972) (6th Cir. USCA)." Amended Complaint at 1 n.1.

Holding _pro se_ pleadings to less stringent standards than those drafted by attorneys does not mean that the Court must accept claims that lack an arguable basis in either law or fact.

> Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," _Hall v. Bellmon,_ 935 F.2d 1106, 1110 (10th Cir.1991), "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." _Nielsen v. Price,_ 17 F.3d 1276, 1277 (10th Cir.1994) (internal quotation marks omitted). Thus, although we make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements [,]" _Hall,_ 935 F.2d at 1110, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record. _See id._ ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

_Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

The Court previously notified Plaintiffs that:

> Generally, _pro se_ litigants are held to the same standards of professional responsibility as trained attorneys. It is a _pro se_ litigant's responsibility to become familiar with and to comply with the _Federal Rules of Civil Procedure_ and the _Local Rules of the United States District Court for the District of New Mexico_ (the "Local Rules").

Order to Show Cause at 3-4. The Court also reminded Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. _See_ Order to Show Cause at 4.

By signing the Amended Complaint, Plaintiffs certified that "the claims . . . and other legal contentions" in the Amended Complaint "are warranted by existing law." Fed. R. Civ. P. 11(b)(2). Several of the legal contentions regarding federal question jurisdiction, as discussed above, are not warranted by existing law. It appears that Plaintiffs have disregarded the Court's Order to Show

Cause and Rule 11 by asserting legal contentions that are not actionable under laws on which they rely.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 11(c); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court").

Finally, Plaintiffs' Amended Complaint states: "Plaintiffs reserve the right to amend this Complaint as new information becomes available to Plaintiffs."  Amended Complaint at 50.  The Court reminds Plaintiffs that their right to amend pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE