## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS, *et al.*,

    Plaintiffs,

v.                                                                                                      Civ. No. 23-1060 JB/KK

BRANDON DEWAYNE CLARK,
*et al.*,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

Before the Court is Plaintiffs' Motion for Default Judgment (Doc. 36) ("Motion"), filed on May 22, 2024. In the Motion, *pro se* Plaintiffs Michael Jacobs and Ruby Handler Jacobs seek a default judgment in their favor against Defendants Brandon Clark and Mellissa Carroll. (*Id.*) Having reviewed the Motion, the record, and the relevant law, and being otherwise fully advised, I recommend that the Court DENY the Motion. However, I further recommend that the Court allow Plaintiffs additional time to serve their second amended complaint on Defendants Clark and Carroll under Federal Rules of Civil Procedure 4 and 5(a)(2).

### I. Factual Background and Procedural History

This case arises out of wrongful acts that Defendants Clark and Carroll allegedly committed while they were house sitting for Plaintiffs from October 2013 to November 2017. (*See generally* Doc. 33.) Plaintiffs filed this action on November 28, 2023, and on December 29, 2023,

---

[1] By an Order of Reference entered on January 29, 2025, United States District Judge James O. Browning referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. (Doc. 37.)

filed an Amended Complaint for Copyright Violation, Breach of Contract, Civil Larceny, Conversion, Trespass on Chattel, Conspiracy, Invasion of Privacy, Theft of Firearms, Cruelty to Animals, with Demand for Jury Trial ("First Amended Complaint"). (Docs. 1, 12.) On April 3, 2024, Plaintiffs filed proofs of service indicating that Defendants Clark and Carroll were served with summonses and copies of the First Amended Complaint on March 5, 2024.[2] (Docs. 21, 22.)

On April 3, 2024, and April 4, 2024, respectively, Plaintiffs asked the Clerk of the Court to enter Defendants Clark's and Carroll's defaults. (Docs. 26, 28.) The Clerk entered Defendant Clark's default on April 4, 2024, and Defendant Carroll's on April 5, 2024. (Docs. 27, 30.) To date, neither of these Defendants has entered an appearance in this matter.

On April 10, 2024, the Court issued an Order to Show Cause and Notice, in which it identified deficiencies in Plaintiffs' First Amended Complaint and ordered Plaintiffs to show cause why the case should not be dismissed in light of these deficiencies. (Doc. 31.) In addition, the Court indicated that "[i]f Plaintiffs assert the Court should not dismiss this case, Plaintiffs must file a second amended complaint." (*Id.* at 2.) The Court set a deadline of May 2, 2024, for Plaintiffs to comply with its show-cause order. (Doc. 32.)

On May 2, 2024, Plaintiffs filed their Second Amended Complaint for Contributory Copyright Infringement, Breach of Contract, Civil Theft, Conversion, Trespass on Chattel, Conspiracy, Invasion of Privacy, Cruelty to Animals, with Demand for Jury Trial (Doc. 33) ("Second Amended Complaint"). Plaintiffs also filed a response to the Court's show-cause order, in which they contend that the claims asserted in the Second Amended Complaint should not be

---

[2] The proofs of service indicate that Plaintiffs' process server (1) personally served Defendant Carroll, and (2) served Defendant Clark by leaving a summons and copy of the complaint with Defendant Carroll at Defendant Clark's residence and mailing copies of the summons and complaint to Defendant Clark's last known address. (Docs. 21, 22.)

2

dismissed. (Doc. 34.) There is no indication in the record that Plaintiffs have served the Second Amended Complaint on Defendant Clark or Defendant Carroll.

On May 22, 2024, Plaintiffs filed the present Motion, seeking a default judgment in their favor against Defendants Clark and Carroll on the claims asserted in the Second Amended Complaint. (Doc. 36.)

## II. Analysis

Under Federal Rule of Civil Procedure 55, the Clerk of the Court must enter a party's default if the party has failed to appear or otherwise defend in a case brought against it. Fed. R. Civ. P. 55(a). However, "even after entry of default, the Court must decide whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Garcia Gutierrez v. Puentes*, 437 F. Supp. 3d 1035, 1038 (D.N.M. 2020) (quotation marks omitted); *see also Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) ("[A default] judgment must be supported by a sufficient basis in the pleadings."). "A party is not entitled to a default judgment as of right." *Garcia Gutierrez*, 437 F. Supp. 3d at 1038 (brackets omitted). Rather, the decision to enter a default judgment is committed to the district court's sound discretion. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) ("*Garberg*"). In exercising this discretion, courts remain mindful that "[s]trong policies favor resolution of disputes on their merits." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

Before it may grant a default judgment, a district court must, among other things, ensure that it has personal jurisdiction over the defaulting defendant. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1169-70 (10th Cir. 2011); *Garberg*, 115 F.3d at 772; *Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202–03 (10th Cir. 1986). Before courts may exercise personal jurisdiction over a

3

defendant, in turn, the plaintiff must serve the defendant with process under Federal Rule of Civil Procedure 4. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "Undisputedly, absent good service, the [c]ourt has no *in personam* or personal jurisdiction over a defendant." *Deville v. Wilson*, 208 F. App'x 629, 631 (10th Cir. 2006).

Here, Plaintiffs have submitted evidence that they served their First Amended Complaint on Defendants Clark and Carroll under Rule 4, (Docs. 21, 22), but have failed to submit any evidence to show that they served their Second Amended Complaint on these Defendants. Thus, the Court must determine whether service of the First Amended Complaint was sufficient to confer jurisdiction to enter a default judgment against Defendants on the claims in the Second Amended Complaint, or whether Plaintiffs were required to serve the Second Amended Complaint as well.

Federal Rule of Civil Procedure 5 provides that "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). As noted above, the Clerk entered Defendants Clark's and Carroll's defaults for failing to appear after service of the First Amended Complaint. (Docs. 27, 30.) Thus, Rule 5(a)(2) does not require Plaintiffs to have served the Second Amended Complaint on Defendants Clark and Carroll unless the Second Amended Complaint "asserts a new claim for relief" against them. Fed. R. Civ. P. 5(a)(2).

Rule 5(a)(2) ensures that a party, "having been served, is able make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served." *Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008); *Warming Trends, LLC v. Flame DesignZ, LLC*, Civ. No. 22-252, 2023 WL 5507793, at *4 (D. Colo. Aug. 25, 2023); *Glass v. XTO Energy*, Civ. No. 21-543, 2023 WL 4034182, at *2 (D.N.M. June 15, 2023). Thus, courts have found that a subsequent pleading asserts a new claim

for relief under Rule 5(a)(2) when, for example, "a new party is joined, the demand for judgment is altered, the amount of damages sought is increased, new facts are incorporated, or the party seeks new declarations and injunctions." *Bodied by Bella Boutique LLC v. Bodyed by Bella LLC*, Civ. No. 21-693, 2023 WL 356238, at *4 (D. Utah Jan. 23, 2023) (footnotes omitted); *see also Glass*, 2023 WL 4034182, at *2 ("When new parties, claims, or substantive factual changes are added to an amended complaint, service on the defaulting party is required under Rule 5(a)."). Conversely, courts have found that a subsequent pleading does not assert a new claim for relief when it includes no "substantial" changes. *MacIntyre v. JP Morgan Chase, Nat'l Ass'n*, Civ. No. 13-1647, 2014 WL 128032, at *4 (D. Colo. Jan. 14, 2014); *see also De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (holding that amended complaint did not assert new claim for relief when it "merely clarified the basis for [the defendant's] liability").

I have carefully compared Plaintiffs' First and Second Amended Complaints in light of the foregoing authority and conclude that the Second Amended Complaint asserts new claims for relief against Defendants Clark and Carroll under Rule 5(a)(2). As described below, Plaintiffs assert three new causes of action in their Second Amended Complaint and also allege new and material facts to support their claims. The changes to the Second Amended Complaint are substantial and Defendants Clark and Carroll must be given notice of this pleading so that they can make an informed decision about whether to answer it.

In their first new cause of action, Plaintiffs assert claims for contributory copyright infringement in lieu of the direct infringement claims they previously asserted. (*Compare* Doc. 12 at 1-2, 13-15, 36 *with* Doc. 33 at 1-2, 15, 18-19, 42.) The Tenth Circuit has identified three elements a plaintiff must prove to establish a claim of contributory copyright infringement, *i.e.*, (1) direct infringement by another, (2) the defendant had knowledge of the direct infringement,

5

and (3) the defendant caused or materially contributed to the infringement. *Greer v. Moon*, 83 F.4th 1283, 1287 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2521 (2024). To support these elements, Plaintiffs also add new factual allegations, *i.e.*:

- "On May 20, 2016 at LeVieux Port (the Old Port), the Cannes photograph was either taken by Plaintiff Jacobs on a tripod (with a delay) or by business partner Roland Willcox, who shot images there in France for [Plaintiffs] as Work for Hire with compensation of £200," (Doc. 33 at 7);

- "On July 26, 2021, Plaintiffs filed their *Complaint for Copyright Violation, Theft and Conversion, Trespass, Defamation, Invasion of Privacy and False Light, Declaratory Relief, with Demand for Jury Trial* against the *Albuquerque Journal et al* (Case No. 1:21-CV-00690-MV-SCY) with the U.S. District Court, District of New Mexico (the '*Journal* case'). This active case concerns the Cannes photograph which [Defendant] Carroll allowed [the] *Journal* defendants to take from Plaintiffs' residence," (*id.* at 10) (italics in original);

- "[Defendant] Carroll is charged herein with continuing contributory copyright infringement of the Cannes photograph as her wrong has not been completed as evidence[d] by a new display of the Cannes photograph [that] occurs daily in the *Journal's* Facebook website," (*id.* at 15);

- "Defendant Carroll, through contributory copyright infringement on the *Journal's* Facebook page, the *Singapore Strait Times*, *Mancrushers.com* and *pressreader.com* (*See* Exh. 1) continues to display the Cannes photograph in violation of Plaintiff Jacobs' creation rights," (*id.* at 18); and,

- Defendant Carroll "knew that Plaintiff Jacobs is a professional photographer," "knew that Plaintiffs travelled to Cannes for business purposes," "knew that Plaintiffs owned the Cannes photograph," and "materially and intentionally contributed to the *Albuquerque Journal*'s infringing activity."

(*Id.* at 19.)

In their second new cause of action, Plaintiffs assert claims for breach of fiduciary duty. (*Compare generally* Doc. 12 *with* Doc. 33 at 35-36.) Under New Mexico law,

> [a] fiduciary relationship exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of one reposing the confidence.

*Moody v. Stribling*, 1999-NMCA-094, ¶ 18, 985 P.2d 1210, 1216.

6

> A fiduciary duty is a duty of loyalty. Since a fiduciary is obliged to act primarily for another's benefit … a fiduciary breaches this duty by placing his interests above those of the beneficiary. To be actionable for damages, harm must also result from the breach.

*Id.* at ¶ 27, 985 P.2d at 1218 (citations, quotation marks, and brackets omitted). To support their claims for breach of fiduciary duty, Plaintiffs for the first time appear to allege that Defendants Clark's and Carroll's "duty to protect Plaintiffs['] chattel and premises" was fiduciary in nature. (Doc. 33 at 35-36.)

Finally, in their third new cause of action, Plaintiffs assert "civil theft" claims, apparently in lieu of the "larceny" claims they previously asserted.[3] (*Compare* Doc. 12 at 1, 13, 21-22, 24, 30-31, 36, 41-42 *with* Doc. 33 at 1, 15, 27, 29-30, 36-37.) The civil theft claims appear to be brought under Colorado law, which provides that a plaintiff asserting such a claim must show "that (1) defendant knowingly obtained control over his property without authorization and (2) defendant did so with the specific intent to permanently deprive him of the benefit of the property."[4] *Welch v. Saunders*, 720 F. App'x 476, 480 (10th Cir. 2017) (applying Colorado law); *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 509 (Colo. App. 2009). Plaintiffs appear to have substituted civil theft claims for their prior larceny claims in response to the Court's

---

[3] In their First Amended Complaint, Plaintiffs refer to "a civil-theft claim" only once, in a footnote in the section of the complaint discussing "Civil Conspiracy as a Result of Breach of Contract." (Doc. 12 at 23 n.21 (brackets omitted).)

[4] In their Second Amended Complaint, Plaintiffs assert both civil theft and conversion claims against Defendants Clark and Carroll. (Doc. 33 at 33-37, 45-46.) However, Plaintiffs do not cite to, and the Court is not aware of, any authority establishing a claim of civil theft, as distinct from the tort claim of conversion, under New Mexico law. (*See generally id.*) Rather, the two cases Plaintiffs cite to support their civil theft claims were decided under Colorado law. (*Id.* at 29 n.24 (citing *Welch v. Saunders*, 720 F. App'x 476 (10th Cir. 2017) and *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501 (Colo. App. 2009)).) Plaintiffs do misquote a third case, *i.e.*, *In re Holley*, No. 7-12-12608, 2013 WL 1912666 (Bankr. D.N.M. May 9, 2013), but this case merely refers to "civil embezzlement" and "civil larceny" claims in the context of 11 U.S.C. § 523(a)(4) of the United States Bankruptcy Code. *Id.* at *2-*3; (*see* Doc. 33 at 37.)

observation, in its Order to Show Cause and Notice, that larceny claims "based on alleged violations of criminal statutes" would likely "fail to state claims." (Doc. 31 at 13.)

In light of the new causes of action and factual allegations just described, Plaintiffs have plainly asserted new claims for relief against Defendants Clark and Carroll in the Second Amended Complaint. *Warming Trends, LLC*, 2023 WL 5507793, at *4; *Glass*, 2023 WL 4034182, at *2; *Bodied by Bella Boutique LLC*, 2023 WL 356238, at *4-*5. Under Rule 5(a)(2), then, Plaintiffs were required to serve these Defendants with the Second Amended Complaint under Rule 4. Fed. R. Civ. P. 5(a)(2). But as noted above, the record includes no indication that Plaintiffs have accomplished such service. In these circumstances, the Court lacks jurisdiction to enter a default judgment against Defendants Clark and Carroll on the claims asserted in the Second Amended Complaint, and I recommend that Plaintiffs' Motion seeking such a judgment be denied. *Deville*, 208 F. App'x at 631.

However, I further recommend that Plaintiffs be given additional time to serve the Second Amended Complaint under Rule 4. In general, Rule 4 allows a party 90 days from the date a complaint is filed to serve the complaint on the opposing party. Fed. R. Civ. P. 4(m). However, a district court *must* grant an extension of time for service on a showing of good cause and *may* exercise its discretion to do so in the absence of such a showing. *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995); *Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 52–53 (10th Cir. 2021); *Shepard v. United States Dep't of Veterans Affs.*, 819 F. App'x 622, 623-24 (10th Cir. 2020); *Okla. ex rel. Bd. of Regents v. Fellman*, 153 F. App'x 505, 506-07 (10th Cir. 2005); *see also* Fed. R. Civ. P. 4(m) (if party shows good cause for failure to accomplish service within 90 days of filing complaint, "the court *must* extend the time for service for an appropriate period") (emphasis added).

To be entitled to a mandatory good-cause extension of the service deadline, a party must show that the deadline cannot be met despite the party's diligent efforts. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (good cause standard requires movant to show that deadline cannot be met despite diligent efforts). In deciding whether to grant a permissive extension, in turn, courts consider factors including (1) the risk that the statute of limitations will bar refiling, (2) the complexity of the applicable service requirements, (3) whether the plaintiff is acting *pro se*, and (4) the danger of prejudice to the defendant. *Espinoza*, 52 F.3d at 842; *Sullivan*, 844 F. App'x at 53; *Shepard*, 819 F. App'x at 624.

Here, Plaintiffs did not serve Defendants Clark and Carroll with the Second Amended Complaint within 90 days of filing and have not shown good cause for their failure to do so.[5] Thus, they are not entitled to a mandatory extension of the deadline to serve that pleading. However, the four factors enumerated in the preceding paragraph indicate that the Court should permissively grant Plaintiffs additional time for service. First, to disallow such an extension would exacerbate the risk, previously noted in the Court's Order to Show Cause and Notice, that one or more statutes of limitation would bar the refiling of claims. (*See* Doc. 31 at 9-12.) Second, as the foregoing analysis shows, the service requirements applicable to the Second Amended Complaint are somewhat complex. Third, Plaintiffs are proceeding *pro se*. And finally, it does not appear that the extension will prejudice Defendants. Defendants Clark and Carroll received timely notice of the institution of suit against them when they were served with the First Amended Complaint, and both of Plaintiffs' complaints arise out of "the same nucleus of operative facts." *Gilles v. United States*, 906 F.2d 1386, 1390 (10th Cir. 1990); *cf. id.* at 1387-91 (reversing dismissal of action on

---

[5] Plaintiffs filed their Second Amended Complaint on May 2, 2024. (Doc. 33.) The 90-day deadline for them to serve this pleading therefore expired on July 31, 2024. Fed. R. Civ. P. 4(m).

9

timeliness grounds where defendant received "notice of institution of suit" through timely filed but defectively served original complaint and plaintiff properly served amended complaint arising out of "same nucleus of operative facts").

For all of the foregoing reasons, I recommend that the Court DENY Plaintiffs' Motion for Default Judgment (Doc. 36) on the claims asserted against Defendants Clark and Carroll in the Second Amended Complaint. However, I further recommend that the Court allow Plaintiffs additional time to serve their Second Amended Complaint on Defendants Clark and Carroll under Federal Rules of Civil Procedure 4 and 5(a)(2).

*[signature]*
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**