## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS and RUBY HANDLER
JACOBS,

      Plaintiffs,

vs.                                                                  No. CIV 23-1060 JB/KK

BRANDON DEWAYNE CLARK, MELLISSA
MICHELLE CARROLL, AMANDA
CARROLL, WILIAM MICHAEL JONES,
GENIENNE CONAWAY RIGGLE, CANDIE
RENEE SWAN, ASHTON SWAN, RENEE
ANDREA KEXEL, JEREMY R. STONE,
GERALD R. STONE, RUTH A. CHIODA, and
DOES 1-20,

      Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for Default Judgment,

filed on May 22, 2024 (Doc. 36)("Motion"). In the Motion, pro se Plaintiffs Michael Jacobs and

Ruby Handler Jacobs seek a default judgment in their favor against Defendants Brandon Clark and

Mellissa Carroll. <u>See</u> Motion at 1-2. Having reviewed the Motion, the record, and the relevant

law, and being otherwise fully advised, the Court denies the Motion.[1] The Court allows, however,

---

[1]On January 29, 2025, the Court referred this matter to The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3). <u>See</u> Order Of Reference Relating To Non-Prisoner Pro Se Cases, filed January 29, 2025 (Doc. 37)("Reference Order"). The Tenth Circuit holds that a district judge can withdraw a referral to a magistrate judge at any time:

> Implicit in a district court's discretionary authority under 28 U.S.C. § 636(b)(1)(B) to refer a matter to a magistrate is the power to withdraw a reference. <u>Cf.</u> 28 U.S.C. § 636(c)(4)(permitting withdraw of reference by district court in consent cases). Moreover, nothing in Section 636 suggests that a district judge is constrained to act on a motion pending before the court until the magistrate has issued a recommendation.

M. Jacobs and R. Jacobs additional time to serve their second amended complaint on Clark and Carroll under rules 4 and 5(a)(2) of the Federal Rules of Civil Procedure.

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of wrongful acts that Clark and Carroll allegedly committed while they were house sitting for M. Jacobs and R. Jacobs from October, 2013 to November, 2017.  See Second Amended Complaint for Contributory Copyright Infringement, Breach of Contract, Civil Theft, Conversion, Trespass on Chattel, Conspiracy, Invasion of privacy, Cruelty to Animals, With Demand For Jury Trial ¶¶ 14-123, at 4-41, filed May 2, 2024 (Doc. 33)("Second Amended Complaint").  M. Jacobs and R. Jacobs filed this action on November 28, 2023, see Complaint for Copyright Violation, Breach of Contract, Civil Larceny, Conversion, Trespass on Chattel, Conspiracy, Invasion of Privacy, Theft of Firearms, Cruelty to Animals, with Demand for Jury Trial ¶¶ 1-154, at 1-42, filed November 28, 2023 (Doc. 1)("Complaint"), and on December 29, 2023, filed an amended complaint, see Amended Complaint for Copyright Violation, Breach of Contract, Civil Larceny, Conversion, Trespass on Chattel, Conspiracy, Invasion of Privacy, Theft of Firearms, Cruelty to Animals, with Demand for Jury Trial ¶¶ 1-154, at 1-50, filed December 29, 2023 (Doc. 12)("First Amended Complaint").  On April 3, 2024, M. Jacobs and R. Jacobs filed proofs of service indicating that Clark and Carroll were served on March 5, 2024, with summonses and copies of the First Amended Complaint.  See Summons in a Civil Action on Amended

---

Liverman v. Comm. on the Judiciary, 51 F. App'x 825, 827 (10th Cir. 2002).  In the interest of judicial efficiency, the Court will resolve M. Jacobs and R. Jacobs' Motion at this time without first awaiting Magistrate Judge Khalsa's recommendation.  Nothing in this Memorandum Opinion and Order overturns the Court's Reference Order.

Complaint at 1, filed April 3, 2024 (Doc. 21)("Carroll Summons"); Summons in a Civil Action on

Amended Complaint at 1, filed April 3, 2024 (Doc. 22)("Clark Summons").[2]

---

[2]The proofs of service indicate that the Plaintiffs' process server: (i) personally served Carroll, and; (ii) served Clark by leaving a summons and copy of the complaint with Carroll at Clark's residence and mailing copies of the summons and complaint to Clark's last known address. See Carroll Summons at 1; Clark Summons at 1. Rule 4(e) states that a party may serve an individual by:

(1)     following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)     doing any of the following:

(A)     delivering a copy of the summons and of the complaint to the individual personally;

(B)     leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C)     delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  New Mexico law provides:

(1)     Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:

(a)     to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or

(b)     by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.

(2)     If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process;

On April 3, 2024, and April 4, 2024, M. Jacobs and R. Jacobs asked the Clerk of the Court to enter Clark's and Carroll's defaults.  See Application for Entry of Default Against Defendant Brandon D. Clark at 1-2, filed April 3, 2024 (Doc. 26)("Clark Default Application"); Application for Entry of Default Against Defendant Melissa M. Carroll at 1-2, filed April 4, 2024 (Doc. 28)("Carroll Default Application").  The Clerk entered Clark's default on April 4, 2024, and Carroll's on April 5, 2024.  See Clerk's Entry of Default at 1, filed April 4, 2024 (Doc. 27)("Clark Default Entry); Clerk's Entry of Default at 1, filed April 5, 2024 (Doc. 30)("Carroll Default Entry").  To date, neither of these Defendants has entered an appearance in this matter.

On April 10, 2024, The Honorable Kirtan Khalsa, United States Magistrate Judge for the District of New Mexico, issues an Order to Show Cause and Notice, identifying deficiencies in the First Amended Complaint and ordering M. Jacobs and R. Jacobs to show cause why the Court should not dismiss the case in light of these deficiencies.  See Order to Show Cause and Notice at 1-15, filed April 10, 2024 (Doc. 31)("Show Cause Order").  In addition, Magistrate Judge Khalsa indicates that, "[i]f Plaintiffs assert the Court should not dismiss this case, Plaintiffs must file a second amended complaint."  Show Cause Order at 2.  Magistrate Judge Khalsa set a deadline of May 2, 2024, for M. Jacobs and R. Jacobs to comply with her Show Cause Order.  See Order Setting Deadline for Response to Order to Show Cause at 1, filed April 11, 2024 (Doc. 32).

On May 2, 2024, M. Jacobs and R. Jacobs filed the Second Amended Complaint. M. Jacobs and R. Jacobs also filed a response to Magistrate Judge Khalsa's Show Cause Order, in which they contend that the Court should not dismiss the claims in the Second Amended

---

N.M.R.A. 1-004(F).  M. Jacobs and R. Jacobs served Carroll personally and delivered a copy of the complaint and summons with an adult -- Carroll -- residing at Clark's usual place of abode and mailed copies of the summons and complaint to Clark's last known address.  See Carroll Summons at 1; Clark Summons at 1.  These methods satisfy rule 4(e)(1), because they comply with N.M.R.A. 1-004(F)(2).  These methods also satisfy rule 4(e)(2)(B).  Accordingly, the Court concludes that M. Jacobs and R. Jacobs served Clark and Carroll the First Amended Complaint properly.

Complaint.  See Plaintiffs' Response to Order to Show Cause at 1-3, filed May 3, 2024 (Doc. 34).
There is no indication in the record that M. Jacobs and R. Jacobs have served the Second Amended
Complaint on Clark or Carroll.  On May 22, 2024, M. Jacobs and R. Jacobs filed the Motion,
seeking a default judgment in their favor against Clark and Carroll on the claims in the Second
Amended Complaint.  See Motion at 1-2.

## ANALYSIS

Under rule 55 of the Federal Rules of Civil Procedure, the Clerk of the Court must enter a
party's default if the party has failed to appear or otherwise defend in a case brought against it.
See Fed. R. Civ. P. 55(a).  "[A default] judgment must be supported by a sufficient basis in the
pleadings."  Tripodi v. Welch, 810 F.3d 761, 765 (10th Cir. 2016).  The decision to enter a default
judgment is committed to the district court's sound discretion.  See Olcott v. Del. Flood Co., 327
F.3d 1115, 1124 (10th Cir. 2003); Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115
F.3d 767, 771 (10th Cir. 1997)("Garberg").  In exercising this discretion, courts remain mindful
that "[s]trong policies favor resolution of disputes on their merits."  In re Rains, 946 F.2d 731,
732-33 (10th Cir. 1991).

Before it may grant a default judgment, a district court must, among other things, ensure
that it has personal jurisdiction over the defaulting defendant.  See Marcus Food Co. v. DiPanfilo,
671 F.3d 1159, 1169-70 (10th Cir. 2011); Garberg, 115 F.3d at 772; Williams v. Life Sav. & Loan,
802 F.2d 1200, 1202-03 (10th Cir. 1986).  Before courts may exercise personal jurisdiction over a
defendant, the plaintiff must serve the defendant with process under rule 4 of the Federal Rules of
Civil Procedure.  See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).

"Undisputedly, absent good service, the Court has no <u>in personam</u> or personal jurisdiction over a defendant." <u>Deville v. Wilson</u>, 208 F. App'x 629, 631 (10th Cir. 2006).[3]

Here, M. Jacobs and R. Jacobs have submitted evidence that they served their First Amended Complaint on Clark and Carroll under Rule 4, <u>see</u> Carroll Summons at 1; Clark Summons at 1, but have not submitted any evidence to show that they served their Second Amended Complaint on Clark and Carroll. Thus, the Court must determine whether service of the First Amended Complaint was sufficient to confer jurisdiction to enter a default judgment against Clark and Carroll on the claims in the Second Amended Complaint, or whether M. Jacobs and R. Jacobs were required to serve the Second Amended Complaint.

Rule 5 of the Federal Rule of Civil Procedure 5 provides that "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). As noted above, the Clerk entered Clark's and Carroll's defaults for failing to appear after service of the First Amended Complaint. <u>See</u> Clark Default Entry at 1; Carroll Default Entry at 1. Thus, Rule

---

[3]<u>Deville v. Wilson</u>, 208 F. App'x 629 (10th Cir. 2006) is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. <u>See</u> 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored . . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that <u>Deville v. Wilson</u>, <u>Welch v. Saunders</u>, 720 F. App'x 476 (10th Cir. 2017), <u>Sullivan v. University of Kansas Hospital Authority</u>, 844 F. App'x 43 (10th Cir. 2021), <u>Shepard v. United States Department of Veterans Affairs</u>, 819 F. App'x 622 (10th Cir. 2020), and <u>Oklahoma ex rel. Board of Regents v. Fellman</u>, 153 F. App'x 505 (10th Cir. 2005), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

5(a)(2) does not require M. Jacobs and R. Jacobs to serve the Second Amended Complaint on Clark and Carroll unless the Second Amended Complaint "asserts a new claim for relief" against them.  Fed. R. Civ. P. 5(a)(2).

Rule 5(a)(2) ensures that a party, "having been served, is able make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served."  Blair v. City of Worcester, 522 F.3d 105, 109 (1st Cir. 2008).  See Warming Trends, LLC v. Flame DesignZ, LLC, No. CIV 22-0252, 2023 WL 5507793, at *4 (D. Colo. Aug. 25, 2023)(Brimmer, C.J.); Glass v. XTO Energy, No. CIV 21-0543, 2023 WL 4034182, at *2 (D.N.M. June 15, 2023)(Herrera, J.).  See also De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013)(holding that amended complaint did not assert new claim for relief when it "merely clarified the basis for [the defendant's] liability").

The Court carefully has compared the Plaintiffs' First and Second Amended Complaints in light of the foregoing authority, and concludes that the Second Amended Complaint asserts new claims for relief against Clark and Carroll under rule 5(a)(2).  As described below, M. Jacobs and R. Jacobs assert three new causes of action in their Second Amended Complaint and also allege new and material facts to support their claims.  The changes to the Second Amended Complaint are substantial and Clark and Carroll must be given notice of this pleading so that they can make an informed decision about whether to answer it.

In their first new cause of action, M. Jacobs and R. Jacobs assert claims for contributory copyright infringement in lieu of the direct infringement claims that they assert in the First Amended Complaint.  Compare First Amended Complaint ¶ 3, at 2, id. ¶¶ 43-46, at 13-15, id. ¶¶ 104-07, at 36 with Second Amended Complaint ¶ 3, at 2; id. ¶¶ 54-66, at 17-21; id. ¶¶ 124-27, at 42.  The Tenth Circuit identifies three elements that a plaintiff must prove to establish a claim of contributory copyright infringement: (1) direct infringement by another; (2) the defendant had

knowledge of the direct infringement; and (3) the defendant caused or materially contributed to the infringement. See Greer v. Moon, 83 F.4th 1283, 1287 (10th Cir. 2023), cert. denied, 144 S. Ct. 2521 (2024). To support these elements, M. Jacobs and R. Jacobs also add new factual allegations. First, M. Jacobs and R. Jacobs allege that, "[o]n May 20, 2016 at LeVieux Port (the Old Port), the Cannes photograph was either taken by Plaintiff Jacobs on a tripod (with a delay) or by business partner Roland Willcox, who shot images there in France for [Plaintiffs] as Work for Hire with compensation of £200." Second Amended Complaint ¶ 21, at 7. Second, M. Jacobs and R. Jacobs allege:

> On July 26, 2021, Plaintiffs filed their *Complaint for Copyright Violation, Theft and Conversion, Trespass, Defamation, Invasion of Privacy and False Light, Declaratory Relief, with Demand for Jury Trial* against the *Albuquerque Journal et al* (Case No. 1:21-CV-00690-MV-SCY) with the U.S. District Court, District of New Mexico (the '*Journal* case'). This active case concerns the Cannes photograph which [Defendant] Carroll allowed [the] *Journal* defendants to take from Plaintiffs' residence.

Second Amended Complaint ¶ 31, at 10 (italics in original). M. Jacobs and R. Jacobs allege: "Carroll is charged herein with continuing contributory copyright infringement of the Cannes photograph as her wrong has not been completed as evidence[d] by a new display of the Cannes photograph [that] occurs daily in the *Journal's* Facebook website." Second Amended Complaint ¶ 28, at 10 (italics in original). M. Jacobs and R. Jacobs allege: "Defendant Carroll, through contributory copyright infringement on the *Journal's* Facebook page, the *Singapore Strait Times*, *Mancrushers.com* and *pressreader.com* (*See* Exh. 1) continues to display the Cannes photograph in violation of Plaintiff Jacobs' creation rights." Second Amended Complaint ¶ 56, at 18 (italics in original). M. Jacobs and R. Jacobs allege that Defendant Carroll "knew that Plaintiff Jacobs is a professional photographer," "knew that Plaintiffs travelled to Cannes for business purposes," "knew that Plaintiffs owned the Cannes photograph," and "materially and intentionally

- 8 -

contributed to the *Albuquerque Journal*'s infringing activity."  Second Amended Complaint ¶ 60, at 19 (italics in original).

In their second new cause of action, M. Jacobs and R. Jacobs assert claims for breach of fiduciary duty.  <u>Compare</u> <u>generally</u> First Amended Complaint <u>with</u> Second Amended Complaint ¶¶ 102-04, at 35-36.  Under New Mexico law, "[a] fiduciary relationship exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of one reposing the confidence." <u>Moody v. Stribling</u>, 1999-NMCA-094, ¶ 18, 127 N.M. 630, 636, 985 P.2d 1210, 1216.  "A fiduciary duty is a duty of loyalty. Since '[a] fiduciary is obliged to act primarily for another's benefit . . . a fiduciary breaches this duty by placing his interests above those of the beneficiary.' To be actionable for damages, harm must also result from the breach."  <u>Moody v. Stribling</u>, 1999-NMCA-094, ¶ 27 (quoting <u>Kueffler v. Kueffler</u>, 1990-NMSC-045 ¶ 12, 110 N.M. 10, 13, 791 P.2d 461, 464)(Court adds ellipses).  To support their claims for breach of fiduciary duty, M. Jacobs and R. Jacobs for the first time appear to allege that Clark's and Carroll's "duty to protect Plaintiffs['] chattel and premises" was fiduciary in nature.  Second Amended Complaint ¶ 104, at 36.

Finally, in their third new cause of action, M. Jacobs and R. Jacobs assert "civil theft" claims, apparently in lieu of the "larceny" claims they previously asserted.[4]  <u>Compare</u> First Amended Complaint at 1; <u>id.</u> ¶ 42, at 13; <u>id.</u> ¶ 62, at 21-22; <u>id.</u> ¶ 69, at 24; <u>id.</u> ¶¶ 87-89, at 30-31; <u>id.</u> ¶ 106, at 36; <u>id.</u> ¶¶ 132-35, at 41-42, <u>with</u> Second Amended Complaint at 1, <u>id.</u> ¶ 52, at 15, <u>id.</u> ¶ 81, at 27, <u>id.</u> ¶¶ 85-86, at 29-30, <u>id.</u> ¶¶ 107-09, at 36-37.  The civil theft claims appear to be

---

[4]In their First Amended Complaint, M. Jacobs and R. Jacobs refer to "a [civil-theft] claim" only once, in a footnote in the section of the complaint discussing "Civil Conspiracy as a Result of Breach of Contract." First Amended Complaint ¶ 67, at 23 n.21 (brackets in original).

brought under Colorado law, which provides that a plaintiff asserting such a claim must show "that

(1) defendant knowingly obtained control over his property without authorization and (2)

defendant did so with the specific intent to permanently deprive him of the benefit of the

property."[5] Welch v. Saunders, 720 F. App'x 476, 480 (10th Cir. 2017)(applying Colorado law);

---

[5]In their Second Amended Complaint, M. Jacobs and R. Jacobs assert both civil theft and conversion claims against Clark and Carroll. See Second Amended Complaint ¶¶ 98-109, at 33-37, id. ¶¶ 143-47, at 45-46. M. Jacobs and R. Jacobs do not cite, however, to, and the Court is not aware of, any authority establishing a claim of civil theft under New Mexico law. See generally Second Amended Complaint ¶¶ 1-173, at 1-53. Rather, the two cases to which M. Jacobs and R. Jacobs cite to support their civil theft claims were decided under Colorado law. See Second Amended Complaint ¶ 86, at 29 n.24 (citing Welch v. Saunders, 720 F. App'x 476 (10th Cir. 2017), and Huffman v. Westmoreland Coal Co., 205 P.3d 501 (Colo. App. 2009)). M. Jacobs and R. Jacobs misquote a third case -- In re Holley, No. 7-12-12608, 2013 WL 1912666 (Bankr. D.N.M. May 9, 2013)(Thuma, J.) -- but this case merely refers to "civil embezzlement" and "civil larceny" claims in the context of 11 U.S.C. § 523(a)(4) of the United States Bankruptcy Code. In re Holley, 2013 WL 1912666 at *2-*3. See Second Amended Complaint ¶ 107 at 37.

Colorado's civil theft claim is not identical to New Mexico's conversion claim. Compare Welch v. Saunders, 720 F. App'x 476, 480 (10th Cir. 2017)(determining that, to prevail on a civil theft claim under Colorado law, a plaintiff must "establish that (1) defendant knowingly obtained control over his property without authorization and (2) defendant did so with the specific intent to permanently deprive him of the benefit of the property"), with Fogelson v. Wallace, 2017-NMCA-089, ¶ 83, 406 P.3d 1012, 1032 ("Conversion is the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made."). See Restatement (Second) of Torts § 222A (1965)("Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel."). The Restatement (Second) does not provide a tort for civil theft. Plaintiffs bringing civil theft claims under Colorado law seek civil remedies against individuals who commit criminal violations, like theft, robbery or burglary. See Welch v. Saunders, 720 F. App'x at 480 ("Plaintiffs brought civil-theft claims . . . under Colo. Rev. Stat. §§ 18-4-401 & 18-4-405."). Colo. Rev. Stat. Ann. § 18-4-405 provides:

> All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees; but monetary damages and attorney fees shall not be recoverable from a good-faith purchaser or good-faith holder of the property.

Huffman v. Westmoreland Coal Co., 205 P.3d 501, 509 (Colo. App. 2009).  M. Jacobs and

R. Jacobs appear to have substituted civil theft claims for their prior larceny claims in response to

Magistrate Judge Khalsa's observation, in her Show Cause Order, that larceny claims "based on

alleged violations of criminal statutes" likely would "fail to state claims."  Show Cause Order at

13.

In light of the new causes of action and factual allegations just described, M. Jacobs and

R. Jacobs have asserted new claims for relief against Clark and Carroll in the Second Amended

Complaint.  Warming Trends, LLC v. Flame DesignZ, LLC, 2023 WL 5507793, at *4; Glass v.

XTO Energy, 2023 WL 4034182, at *2.  Under rule 5(a)(2), then, M. Jacobs and R. Jacobs must

serve Clark and Carroll with the Second Amended Complaint under rule 4.  See Fed. R. Civ. P.

5(a)(2).  As noted above, however, the record includes no indication that M. Jacobs and R. Jacobs

have accomplished such service.  In these circumstances, the Court lacks personal jurisdiction to

―――――――――――――――――

Colo. Rev. Stat. Ann. § 18-4-405 (West).  Colo. Rev. Stat. Ann. § 18-4-401 provides:

    (1)    A person commits theft when he or she knowingly obtains, retains, or
        exercises control over anything of value of another without authorization or
        by threat or deception; receives, loans money by pawn or pledge on, or
        disposes of anything of value or belonging to another that he or she knows
        or believes to have been stolen, and:

        (a)    Intends to deprive the other person permanently of the use or
            benefit of the thing of value . . . .

Colo. Rev. Stat. Ann. § 18-4-401 (West).  M. Jacobs and R. Jacobs' civil theft claim -- which, according to the Second Amended Complaint, requires a showing that the defendant "'knowingly obtained control over his property without authorization'" and "'did so with the specific intent to permanently deprive him of the benefit of the property,'" Second Amended Complaint ¶ 86, at 29 n.24 (quoting Huffman v. Westmoreland Coal Co., 205 P.3d 501, 509 (Colo. App. 2009)) -- is a claim brought under Colo. Rev. Stat. §§ 18-4-401 & 18-4-405, which allow plaintiffs to receive damages from an individual who commits the crime of theft under Colorado law.  New Mexico does not have an analogous statute that provides civil remedies for property crime victims. Accordingly, the Court concludes that the Supreme Court of New Mexico would not recognize a civil theft claim, because there are no New Mexico statutes that provide the civil relief necessary to sustain this claim.  Plaintiffs suing under New Mexico law will need to use the test of conversion.

- 11 -

enter a default judgment against Clark and Carroll on the claims in the Second Amended Complaint, and the Court denies M. Jacobs and R. Jacobs' Motion seeking a default judgment. See Deville v. Wilson, 208 F. App'x at 631.

The Court further concludes, however, that it will give M. Jacobs and R. Jacobs additional time to serve the Second Amended Complaint under rule 4. In general, rule 4 allows a party ninety days from the date a complaint is filed to serve the complaint on the opposing party. See Fed. R. Civ. P. 4(m). A district court must grant, however, an extension of time for service on a showing of good cause and may exercise its discretion to grant an extension in the absence of such a showing. See Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995); Sullivan v. Univ. of Kan. Hosp. Auth., 844 F. App'x 43, 52-53 (10th Cir. 2021); Shepard v. United States Dep't of Veterans Affs., 819 F. App'x 622, 623-24 (10th Cir. 2020); Okla. ex rel. Bd. of Regents v. Fellman, 153 F. App'x 505, 506-07 (10th Cir. 2005); see also Fed. R. Civ. P. 4(m) (providing that, if a party shows good cause for failure to accomplish service within 90 days of filing complaint, "the court must extend the time for service for an appropriate period").

To be entitled to a mandatory good-cause extension of the service deadline, a party must show that the deadline cannot be met despite the party's diligent efforts. See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014)(concluding that good cause standard requires movant to show that deadline cannot be met despite diligent efforts). In deciding whether to grant a permissive extension, in turn, courts consider factors including: (i) the risk that the statute of limitations will bar refiling; (ii) the complexity of the applicable service requirements; (iii) whether the plaintiff is acting pro se, and (iv) the danger of prejudice to the defendant. See Espinoza v. United States, 52 F.3d at 842; Sullivan v. Univ. of Kan. Hosp. Auth., 844 F. App'x at 53; Shepard v. United States Dep't of Veterans Affs., 819 F. App'x at 624.

Here, M. Jacobs and R. Jacobs did not serve Clark and Carroll with the Second Amended Complaint within ninety days of filing, and have not shown good cause for their failure to effectuate service.[6]  Thus, they are not entitled to a mandatory extension of the deadline to serve that pleading.  The four factors enumerated in the preceding paragraph indicate, however, that the Court permissively should grant M. Jacobs and R. Jacobs additional time for service.  First, to disallow such an extension would exacerbate the risk, previously noted in the Court's Show Cause Order, that one or more statutes of limitation would bar the refiling of claims.  See Show Cause Order at 9-12.  Second, as the foregoing analysis shows, the service requirements applicable to the Second Amended Complaint are involved.  Third, M. Jacobs and R. Jacobs are proceeding pro se. Finally, the extension will not prejudice Clark and Carroll.  Clark and Carroll received timely notice of the institution of suit against them when they were served with the First Amended Complaint, and both of M. Jacobs and R. Jacobs' complaints arise out of "the same nucleus of operative facts." Gilles v. United States, 906 F.2d 1386, 1390 (10th Cir. 1990).  Cf. id. at 1387-91 (reversing dismissal of action on timeliness grounds where defendant received "notice of institution of suit" through timely filed but defectively served original complaint and plaintiff properly served amended complaint arising out of "same nucleus of operative facts").

For all of the foregoing reasons, the Court denies the Motion.  The Court will allow, however, M. Jacobs and R. Jacobs additional time to serve their Second Amended Complaint on Clark and Carroll under rules 4 and 5(a)(2) of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that: (i) the Plaintiffs' Motion for Default Judgment, filed on May 22, 2024 (Doc. 36) is denied; and (ii) Plaintiffs Michael Jacobs and Ruby Handler Jacobs must serve

---

[6]M. Jacobs and R. Jacobs filed their Second Amended Complaint on May 2, 2024.  See Second Amended Complaint at 53.  The ninety-day deadline for them to serve this pleading therefore expired on July 31, 2024.  See Fed. R. Civ. P. 4(m).

the Second Amended Complaint for Contributory Copyright Infringement, Breach of Contract, Civil Theft, Conversion, Trespass on Chattel, Conspiracy, Invasion of privacy, Cruelty to Animals, With Demand For Jury Trial, filed May 2, 2024 (Doc. 33), on Defendants Brandon Clark and Mellissa Carroll.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Michael Jacobs
Albuquerque, New Mexico

     *Plaintiff pro se*

Ruby Handler Jacobs
Albuquerque, New Mexico

     *Plaintiff pro se*